4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ellis R. LEWIS, Plaintiff-Appellant,
v.
FIRSTBANK OF SHINNSTON, a West Virginia corporation; The
City of Clarksburg, a West Virginia municipal corporation;
Autrice Thomas, an individual; WYK Associates,
Incorporated, a West Virginia corporation,
Defendants-Appellees,
and
James Abdnor, in his official capacity as Administrator of
the Small Business Administration, a United States
government agency, Defendant.
 No. 93-1115.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 10, 1993.
Decided: August 26, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, Senior District Judge. (CA-88-105-C-K)
 Larry Harless, Charleston, West Virginia, for Appellant.
 Catherine Dabney Munster, McNeer, Highland & McMunn, Clarksburg, West Virginia; Jeffrey Alan Holmstrand, Bachmann, Hess, Bachmann & Garden, Wheeling, West Virginia; Tamara Jean DeFazio, Furbee, Amos, Webb & Critchfield, Fairmont, West Virginia, for Appellees.
 Thomas Whitney Rodd, Morgantown, West Virginia, for Appellant.
 Alfred J. Lemley, Furbee, Amos, Webb & Critchfield, Fairmont, West Virginia, for Appellee WYK Associates;
 Evans L. King, Jr., Sherri S. Reed, Steptoe & Johnson, Clarksburg, West Virginia, for Appellee FirstBank Shinnston;
 John L. DePolo, Clarksburg, West Virginia, for Appellee City of Clarksburg;
 Peter J. Conley, William R. Walker, Siegrist, Spelsberg, White, Martin & Conley, Clarksburg, West Virginia, for Appellee Thomas.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and G. Ross ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Ellis Lewis appeals the district court's decision to grant summary judgment to the defendants on the tort counts in the complaint. He also appeals the judgment entered in favor of FirstBank on its counterclaim involving a promissory note. We affirm.
 
 I.
 
 2
 In early November, 1985, property owned by Lewis in Clarksburg, West Virginia, was damaged in a flood. As a result of the flood, the affected area was declared to be a federal disaster area. This declaration meant that Lewis was eligible to file for a disaster relief loan from the Small Business Administration (SBA). On February 13, 1986, the SBA notified Lewis that his loan application had been conditionally approved and that funds would be dispersed upon Lewis' submission of certain loan closing documents. The loan procedures required Lewis to return these documents within 60 days or the SBA would cancel the application.
 
 
 3
 At some point, Lewis abandoned his attempt to secure a rehabilitation loan and began to pursue a relocation loan. However, the original terms and conditions remained in effect. Despite numerous extensions, Lewis never submitted the required loan closing documents to the SBA. On January 13, 1987, the SBA notified Lewis that the loan would be canceled unless he returned the loan closing documents within 15 days. In reply, Lewis requested another extension. On February 10, 1987, the SBA denied this request, canceled the loan, and advised Lewis of his ability to seek reinstatement of the loan.
 
 
 4
 After the loan was canceled, Lewis spent the next year trying to get the SBA to reinstate his loan. After exhaustive internal review by SBA counsel, Lewis was given yet another chance to obtain the loan. On December 23, 1987, the SBA notified Lewis that he must meet three requirements in order for the SBA to grant final loan approval. These requirements were: (1) negotiate a settlement of the FirstBank note and get a release from FirstBank; (2) obtain a contractor's estimate of demolition costs for the condemned building; and (3) provide the SBA with a viable proposal for relocation. The SBA gave Lewis 60 days to meet these requirements. The SBA offered Lewis its guidance and assistance in meeting these requirements.
 
 
 5
 Lewis never submitted the required documents. On February 24, 1988, the SBA informed Lewis of the final decision to cancel the loan. This decision came more than two years after the initial application.
 
 
 6
 Lewis alleges that during this long, convoluted loan process, the defendants communicated with the SBA and convinced the SBA to deny the loan. Lewis claims that the defendants worked behind the scenes to poison the SBA's view of Lewis and the viability of his relocation plans.
 
 II.
 
 7
 Lewis appeals the district court's grant of summary judgment to the defendants on the tort claims. We review de novo the district court's grant of summary judgment, applying the same standards as did the district court. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 112728 (4th Cir. 1987). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). When reviewing a summary judgment motion, we must draw all justifiable inferences in favor of the nonmoving party. Anderson, 477 U.S. at 255. However, if the record, taken as a whole, could not lead a rational trier of fact to find for the appellant, the district court's grant of summary judgment must be upheld. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990).
 
 
 8
 The district court found that all of Lewis's tort claims failed, at the very least, on the issue of causation. Lewis claims to have suffered the loss of the SBA loan and consequent damages as the result of the tortious acts of the defendant. In order to recover on a tort theory, it is black letter law that a plaintiff must establish that the acts of the alleged tortfeasor are the proximate cause of the harm to the plaintiff. It is abundantly clear that in this case Lewis did not meet the threshold administrative requirements predicate to his securing an SBA loan. Lewis admits that he did not fulfill the SBA requirements. By not submitting the required paperwork Lewis effectively withdrew the loan application and cannot now be heard to complain that he did not receive the loan for some other reason. Clearly, no rational jury could find for Lewis on this issue. Therefore, the judgment of the district court is affirmed as to these claims.
 
 III.
 
 9
 On the counterclaim, the district court found FirstBank was entitled, as a matter of law, to judgment on the note given by Lewis. There is no question that FirstBank is the holder of the note, that Lewis signed the note, that the note became due and payable, and thatLewis failed to pay the note. FirstBank is clearly entitled to judgment on the note as a matter of law. The district court correctly granted summary judgment to FirstBank on this issue.
 
 IV.
 
 10
 For the reasons stated above, we affirm the judgment of the district court.
 
 AFFIRMED